UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINTABLE PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> MINTOLOGY INC. and CINDY JIN, both in her individual capacity and as CEO of Mintology, Inc., <br><br> Defendants. | **Case No.: 23-cv-08215** |

# [PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendant Mintology Inc. for trademark infringement under federal and New York state law and for a violation of New York's anti-dilution law arising out of Mintology Inc.'s unauthorized use of the mark "mintology" to which Plaintiff holds senior common law rights.

The Court, having considered the Memorandum of Law and Declaration of Arthur D. Middlemiss in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction against Mintology Inc., the Affidavit of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and all other pleadings and papers on file in this action, hereby ORDERS, ADJUGES AND DECREES as follows:

1. The Summons and Complaint in this action were properly served on September 21, 2023. ECF No. 14. Defendant Mintology Inc. has not answered, moved, or otherwise responded

to the Complaint, and their default was noted in the Clerk's Certificate of Default issued on October 23, 2023. ECF No 18.

2. Plaintiff holds common law rights to the mark "mintology" through its senior and continuous use of the mark in commerce. Defendant Mintology Inc. had notice of Plaintiff's rights and continued to use the mark in commerce to sell a service that intentionally mirrors Plaintiff's non-fungible token business-to-business platform to customers in the same market as Plaintiff.

3. Defendant Mintology Inc.'s continued use of the mark in commerce thereby harmed Plaintiff and Plaintiff's business reputation, and caused actual confusion to customers and others in the industry.

4. Defendant Mintology Inc.'s aforementioned acts have been willful and in bad faith, and taken with the intent to trade off the reputation and goodwill of the "mintology" mark that Plaintiff has invested in.

5. Defendant Mintology Inc's aforementioned acts constitute (1) trademark infringement under the Lanham Act; (2) trademark infringement under New York law common law; and (3) a violation of New York's anti-dilution law, N.Y. Gen. Bus. § 360-l.

6. Plaintiff is entitled to a default judgment against Defendant Mintology Inc. and a permanent injunction enjoining Defendant's infringing acts.

7. Defendant Mintology Inc., its officers, subsidiaries, parents, divisions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, or any of them, are permanently enjoined from:

    a. Using or authorizing others to use the "mintology" mark, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof in connection with the

offering for sale, sale, advertising, promotion, marketing, distribution, importation or dissemination of any product of service.

b. Using or authorizing others to use any false designation of origin or any other thing that is calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing Defendant Mintology Inc.'s business, services, or products are in any way associated or affiliated with or related to Plaintiff.

c. Manufacturing, reproducing, offering for sale, selling, advertising, promoting, marketing, distributing, importing, accepting delivery of, warehousing or displaying (on the Internet or otherwise) any products or services that copy Plaintiff's product or service, or any product or service substantially similar thereto.

d. Directly or indirectly infringing in any manner Plaintiff's "Mintology" mark, or any other conduct that violates Plaintiff's intellectual property rights under either federal or New York state law.

8. Pursuant to 15 U.S.C. § 1116(a), Defendant Mintology Inc. shall, within thirty (30) days after entry of this Order and Judgment, file with the Court and serve on counsel for Plaintiff a written statement under oath setting forth in detail the manner and form in which Defendants have complied with and completed those actions ordered by this Order and Judgment, including without limitation the date(s) on which each such action was taken.

9. Defendant Mintology Inc. shall immediately provide a copy of this Order and Judgment to any and all officers, subsidiaries, parents, divisions, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, or any of them.

10. This Court maintains exclusive jurisdiction to enforce this Order and Judgment. As a breach of this Order and Judgment will result in immediate and irreparable harm to Plaintiff, if at any time Defendant Mintology Inc. is found to have violated this Order and Judgment, it shall be liable for all reasonable attorneys' fees that Plaintiff may incur in enforcing this Order and Judgment.

11. The Clerk of the Court is directed to enter this Order and Judgment forthwith, without further notice.

**THIS IS A FINAL JUDGMENT.**

Dated: _____ ____, 2024
New York, New York

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE